FILED by _____ D.C.
ELECTRONIC
JULY 22, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GORDON L. MOBLEY,

**08-CV-61145-Altonaga-Brown**

    Plaintiff,

vs.

C-C GOLF COURSE INCORPORATED,
a Florida corporation, d/b/a COOPER
COLONY COUNTRY CLUB, d/b/a
C.C. RESTAURANT AND LOUNGE,
d/b/a PETE'S SANDTRAP,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GORDON L. MOBLEY, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues C-C GOLF COURSE INCORPORATED, a Florida corporation, d/b/a COOPER COLONY COUNTRY CLUB, d/b/a C.C. RESTAURANT AND LOUNGE, d/b/a PETE'S SANDTRAP (hereinafter, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2. Venue is proper in this Court, Southern Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that all events giving rise to this lawsuit occurred in Broward County, Florida.

3. At the time of the Plaintiff's visit to COOPER COLONY COUNTRY CLUB prior to instituting the instant action, GORDON L. MOBLEY (hereinafter referred to as "MOBLEY") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans with Disability Act of 1990, could not walk and used a wheelchair for mobility. Plaintiff personally visited the COOPER COLONY COUNTRY CLUB but was denied full and equal access to, and full and equal enjoyment of, the facilities within COOPER COLONY COUNTRY CLUB which is the subject of this lawsuit.

4. The Defendant, C-C GOLF COURSE INCORPORATED, a Florida corporation, is authorized to conduct, and is conducting business within the State of Florida. Upon information and belief, C-C GOLF COURSE INCORPORATED, is the lessee and/or operator of the real property (the "Subject Facility"), and is the owner of the improvements where the Subject Facility is located which is the subject of this action, including the golf facilities commonly referred to as the COOPER COLONY COUNTRY CLUB, the restaurant and bar commonly referred to as C.C. RESTAURANT AND LOUNGE and the bar commonly referred to as PETE'S SANDTRAP, all of which are located at 5050 S. 90th Avenue, Cooper City, Florida (hereinafter and heretofore referred to collectively as "COOPER COLONY COUNTRY CLUB") and maintains and controls the Subject Facility. Upon information and belief, C-C GOLF COURSE INCORPORATED, is also the owner and lessor of the real property where the Subject

2

Facility is located and which is the subject of this action, including the golf facilities commonly referred to as the COOPER COLONY COUNTRY CLUB, the restaurant and bar commonly referred to as C.C. RESTAURANT AND LOUNGE and the bar commonly referred to as PETE'S SANDTRAP, all of which are located at 5050 S. 90th Avenue, Cooper City, Florida and the Defendant also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Broward County in the Southern District.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

    (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

    (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the

3

discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, COOPER COLONY COUNTRY CLUB is a place of public accommodation in that it is a golfing facility/golf course containing a public restaurant and bar which provide food, beverages and services to the public.

10. Pursuant to 42 U.S.C. §12181(7); 28 C.F.R. §36.104, the golf course, building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be incompliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs

4

and/or alterations since January 26, 1990.

12. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at COOPER COLONY COUNTRY CLUB in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily accessible.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at COOPER COLONY COUNTRY CLUB. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant, C-C GOLF COURSE INCORPORATED'S, facilities. Prior to the filing of this lawsuit, MOBLEY personally visited COOPER COLONY COUNTRY CLUB with the intention of using Defendant's facilities, including the golf course, but was denied full and safe access to the facilities of COOPER COLONY COUNTRY CLUB and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit COOPER COLONY COUNTRY CLUB in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at COOPER COLONY COUNTRY CLUB all in violation of the ADA.

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities

5

Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) The bar/serving counter located in the main front entrance area of the Subject Facility, with fixed foot stands, is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the counter, or a 60 inch wide section of it to be 34 inches maximum height.

(ii) The interior bar/serving counter of the Subject Facility, with fixed foot stands, is higher than 34 inches above the finish floor in violation of requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the counter, or a 60 inch wide section of it to be 34 inches maximum height.

(iii) Failure to provide accessible golf carts operated with hand controls for use by people with disabilities in compliance with 28 C.F.R. Part 36 (an accessible golf cart is a currently available economically feasible technology that allows individuals with plaintiff's disability to operate the golf cart with hand controls and permits such mobility-impaired individuals to swing a golf club and strike a golf ball off a tee, in the fairway and/or on the putting

6

green while seated or in a semi-standing position).

(iv) Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

(v) The sales counter located in golf pro-shop is at an inaccessible height in violation of 28 C.F.R. Part 36, Section 7.2 which requires that a portion of the main counter which is a minimum of 36 inches (915mm) in length shall be provide with a maximum height of 36 inches (915mm) above the finish floor, in compliance with 28 C.F.R. Part 36, Section 7.2 or an equivalent facilitation.

(vi) Failure to provide safe, rear emergency exit(s) at the restaurant facility. Both rear emergency exits at restaurant facility are inaccessible due to multiple steps, without ADA compliant ramps and/or wheel chair lifts in violation of 28 C.F.R. Part 36.

(vii) Failure to provide accessibility to juke box machine in dining area as required by 28 C.F. R. Part 36.

(viii) Failure to modify restrooms for accessibility, including, but not limited to, rearranging partitions, walls and doors to provide sufficient accessibility and maneuvering space for individuals with disabilities as required by 28 C.F.R. Part 36.

(ix) Failure to provide an adequate safe exit from restroom area due to steep improper ramp at said exit in violation of 28 C.F.R. Part 36.

(x) Failure to provide an accessible restroom stall door locking mechanism that can be operable with one hand and shall not

7

require tight grasping, pinching or twisting of the writs as required by 28 C.F.R. Part 36.

(xi) Failure to provide ADA compliant door hardware in main entrance door to the bathroom, in violation of 28 C.F.R. Part 36, Section 4.13.9.

(xii) Failure to provide clear width of an accessible route in restroom/locker area due to protruding wooden boxes on wall in violation of 28 C.F.R. Part 36, Section 4.4.1.

(xiii) Failure to provide the required informational signage on the restroom entrance door as required by 28 C.F.R. Part 36, Section 4.3.

(xiv) Failure to provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2.

(xv) Failure to provide required lavatory with a clearance of at least 29 in (735mm) above the finish floor to the bottom of the apron in compliance with 28 C.F.R. Part 36, Section 4.19.2.

(xvi) Failure to provide accessible door hardware in the restroom main entrance that can be opened with a closed fist in violation of 28 C.F.R. Part 36, Section 4.23.9.

(xvii) Failure to provide a paper towel dispenser at an accessible height as required by 28 C.F.R. Part 36, Section 4.2.

(xviii) Failure to provide an accessible soap dispenser as required by 28 C.F.R. Part 36, Section 4.2.

(xix) Failure to provide insulation for the exposed hot water and drain

8

pipes under lavatories to prevent burns as required by 28 C.F.R. Part 36, Section 4.19.4.

(xx) Failure to provide coat hook on stall door, at accessible height, in compliance with the requirements of 28 C.F.R. Part 36, Section 4.1.3(12) and Section 4.25.3.

(xxi) Failure to provide an accessible faucet in compliance with 28 C.F.R. Part 36, Section 4.19.5.

(xxii) Failure to provide accessible toilet flushing controls in violation of 28 C.F.R. Part 36.

(xxiii) Failure to install the required rear grab bar around accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xxiv) Failure to install the required side grab bar around accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xxv) Failure to install an accessible mirror in compliance with 28 C.F.R. Part 36, Section 4.19.6.

(xxvi) Failure to provide toilet paper dispenser at accessible height as required by 28 C.F.R. Part 36.

(xxvii) Failure to provide safe accessible showers due in part to stored items in said shower in violation of 28 C.F.R. Part 36.

(xxviii) Failure to provide accessible shower control handles in violation of 28 C.F.R. Part 36.

(xxix) Failure to provide soap holders in shower, at accessible height, in violation of 28 C.F.R. Part 36.

(xxx) Failure to install an accessible stall-type or wall hung urinal with

9

accessible elongated rim at a maximum height of 17 inches above the finish floor in accordance with 28 C.F.R. Part 36, Section 4.1 and Section 4.18.2.

(xxxi) Failure to provide the minimum number of handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and are located on the shortest route of travel to the Subject Facility's main entrance as required by 28 C.F.R. Part 36, Section 4.6.2, as well as a compliant pathway from said handicap spaces to the Subject Facility's main entrance.

(xxxii) Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible", as required by 28 C.F.R. Part 36, Section 4.6.4 and Section 4.1.2(5)(b).

16. Upon information and belief, there are other current violations of the ADA at COOPER COLONY COUNTRY CLUB and only once a full inspection is done can all said violations be identified.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the

10

filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, including providing accessible golf carts and other auxiliary aids and services, and closing the subject facilities until the requisite modifications are completed, and accessible golf carts, are made available.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

B. The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but limited to, court costs and expert fees) and other expenses of suit, to the

11

Plaintiff; and

E.  The Court award such other and further relief as it deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right. Dated this 21st day of July, 2008.

Respectfully submitted,

By: _____
B. Bradley Weitz, Esq.
Florida Bar No. 479365
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Gordon L. Mobley

**DEFENDANTS**
C-C Golf Course Incorporated, a Florida corporation, d/b/ Cooper Colony Country Club, d/b/a C.C. Restaurant And Lounge, d/b/a

(b) County of Residence of First Listed Plaintiff   Broward County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
B. Bradley Weitz, Esq., The Weitz Law Firm, P.A.
18305 Biscayne Blvd., Suite 214,
Aventura, Florida 33160, 305-949-7777

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08CV 61145- AHmaga

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
The Defendants own, operate, and/or is the lessor and/or lessee of a facility and/or property in Broward County which contains architectural barriers to access by persons with disabilities in violation of Title III of the ADA.
LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _____
DATE 7/21/08

FOR OFFICE USE ONLY
AMOUNT 350.   RECEIPT # _____   IFP _____

543733